

NORTHERN DISTRICT OF TEXAS
FILED
JUN 10 2015
CLERK, U.S. DISTRICT COURT
By _____
    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH MITCHELL BERMAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:14-CV-860-A |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Joseph Mitchell Berman, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against William Stephens, Director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the Court has concluded that the petition should be dismissed without prejudice on exhaustion grounds.

### I. FACTUAL AND PROCEDURAL HISTORY

On March 8, 2012, a jury found petitioner guilty of one count of sexual performance by a child, one count of aggravated kidnapping and one count of indecency with a child by exposure in

a four-count indictment in Tarrant County, Texas, Case Nos. 1238956D.[1, 2] Clerk's R. 110-19, ECF No. 11. At the conclusion of the punishment phase, the jury found the repeat-offender notice in the indictment true and assessed petitioner's punishment at life imprisonment on the first two counts and 20 years' imprisonment on the third count. *Id.* & Supp. Clerk's R. 4, ECF No. 12. Petitioner appealed his convictions, but the Second Court of Appeals of Texas affirmed the trial court's judgments, and, on August 20, 2014, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. Mem. Op., ECF No. 4; Electronic R., ECF No. 17. Petitioner did not seek writ of certiorari or state postconviction habeas relief. Form Pet. 3, ECF No. 9.

## II. ISSUES

Petitioner seeks immediate release based on the following three claims:

(1) "No OMB number or authority of the Secretary of

---

[1] The jury acquitted petitioner of a fourth count for aggravated sexual assault of a child. Clerk's R. 116, ECF No. 11.

[2] Petitioner asserts in his petition that he challenges his convictions in Case Nos. 1238956D, 1238949D and 1239777D, however the website for TDCJ does not reflect a conviction(s) in Case Nos. 1238949D or 1239777D, and petitioner provides proof that at least Case No. 1238949D was dismissed following his convictions in No. 1238956D. Add. Attachs. 8 (ECF pagination used), ECF No. 4; "Offender Information Details," at http://offender.tdcj.state.tx.us.

2

>       the Treasury and/or a warrant signed by a judge.
>
> (2)   "Joseph Mitchell Berman, a living man, is the Secured Party of the Debtor/ENS Legis/Trust entitled Joseph Mitchell Berman.
>
> (3)   "Violations of due process of law, misapplication of statutes, obstruction of justice, dishonor of a commercial transaction, etc."

*Id.*

The Court is puzzled by petitioner's claims, which are vague and indecipherable, but, in essence, appear to raise a claim that he is somehow exempt from state criminal prosecution and entitled to release from state prison because he is a "secured party sovereign" enjoying the protections under the Uniform Commercial Code (UCC). As proof, he attaches a "UCC Financing Statement" identifying himself as both the secured party and the debtor and securing the following collateral-

> This is the Entry of the Debtor in the Commercial Registry as an International Commercial Utility/trust. The term 'Secured Party,' as used in regard to this UCC Filing, does mean 'a Sovereign sentient living being, on the Land, on the Private Side, outside the legislative jurisdiction of the aggregate corporate States and the corporate UNITED STATES, having Full and Lawful Authority,' and said definition is superior to the state's definition of 'individual' on this filing. This Filing secures a Contractual Obligation in Favor of Secured Party; any attempt to stultify or impair the contract between Secured Party and/or Debtor goes at $50,000,000 per action. Secured Party hereby secures the rights, interest, and title over all of Debtor's assets, land and Personal Property and all of Debtor's

interest in said assets, land, and Personal Property, now owned and hereafter acquired, now existing and hereafter arising, and wherever located or situated, described more fully in Private Security Agreement/ Indemnity Bond/Notice of Lien Form: SA-08201977-JMB, dated nunc pro tunc; August Twentieth Seventy Seven, in the Sum Certain Amount of One Hundred Million Dollars, incorporated herein by reference. Said Registration is the secure the rights, title(s), and interest in Vital Records Certificate of Birth No./State File Number for JOSEPH MITCHELL BERMAN, State of Texas, as received by the Department of Health and the Pledge represented by same; including, but not limited to the pignus, hypotheca, hereditaments, res, he energy and all products derived there from[.]

Pet, Attach., ECF No. 9.

### III. Rule 5 Statement

Respondent has moved to dismiss the petition based on petitioner's failure to exhaust his state court remedies as to the claims presented. Resp't's Mot. (ECF pagination used), ECF No. 20.

### IV. EXHAUSTION OF STATE COURT REMEDIES

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). However, a court may deny an application for a writ of habeas corpus on the merits, notwithstanding the failure of a petitioner to exhaust available state court remedies. 28 U.S.C. § 2254(b)(2).

4

## V.   DISCUSSION

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Petitioner's claims, as interpreted by the Court, do not entitle him to relief. His reliance on the UCC or a so-called "sovereign citizen" theory that he is exempt from prosecution and beyond the jurisdiction of the state or federal courts is frivolous. The same or similar arguments have been repeatedly rejected by other courts and are rejected by this Court. *See United States v. Benabe*, 654 F.3d 753, 797 (7th Cir. 2009), *cert. denied*, 132 S. Ct. 1051 (2012); *Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008), *cert. denied*, 556 U.S. 1135 (2009); *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992), *cert. denied*, 508 U.S. 952 (1993); *Metaphyzic El-Ectromagnetic Supreme-El v. Dir., Dep't of Corr.*, No. 3:14CV52, 2015 WL 1138246, at *4-5 (E.D.Va. Mar. 3, 2015); *Muhammad v. Smith*, No. 3:13-CV-760, 2014 WL 3670609, at *2-3 (N.D.N.Y. July 23, 2014); *Bond v. N.C. Dept. of Corr.*, No. 3:14-CV-379-FDW, 2014 WL 5509057, at *1 (W.D.N.C. Oct. 31, 2014; *Nunez v. D.T.C.*, No. 4:13-244-TMC, 2013 WL 5409219, at *3 (D.S.C. Sept. 25, 2013); *Duwenhoegger v. King*, No. 10-3965, 2012 WL 1516865, at *14

(D.Minn. Feb. 13, 2012); *Klaudt v. Dooley,* No. Civ. 10-4091-KES, 2010 WL 5391571, at *4 (D.S.D. Dec. 22, 2010); *Ritz v. Jordan,* No. 08-cv-01164-CMA-KLM, 2008 WL 5273091, at *2-3 (D.Colo. Dec. 17, 2008); *United States v. Ralidis,* No. A-05-CA-879-SS, 2006 WL 598188, at *6 (W.D.Tex. Jan. 17, 2006). By virtue of petitioner's claimed status as a secured-party creditor or a sovereign citizen, he is not beyond the jurisdiction of the courts and is not entitled to relief. *Benabe,* 654 F.3d at 767.

For the reasons discussed herein,

The Court ORDERS that respondent's motion to dismiss and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and are hereby, denied. The Court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has failed to make a substantial showing of the denial of a constitutional right.

SIGNED June 10, 2015.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE